1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE SANCHEZ AVILA,<br><br>    Petitioner,<br><br> v.<br><br><br>WARDEN,<br><br>    Respondent. | No. CV 17-2132 DMG (FFM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION;<br><br>REFERRING THE PETITION TO THE U.S. COURT OF APPEALS PURSUANT TO NINTH CIRCUIT RULE 22-3(A);<br><br>DENYING A CERTIFICATE OF APPEALABILITY |

## **DISMISSAL OF HABEAS PETITION WITHOUT PREJUDICE**

On or about October 2, 2017, petitioner Felipe Sanches Avila ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").[1]  Petitioner challenges a portion of the sentence imposed by the California Superior Court for the County of San Bernardino in 2009.

---

[1] A *pro se* prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379 (1988).  In this case, Petitioner attached a proof of service to the Petition; executed October 2, 2017.  Therefore, the Court will assume that the Petition was constructively filed no later than October 2, 2017.

1    The Court takes judicial notice of its files with respect to a prior habeas

2    petition (the "Prior Petition") that Petitioner filed in this Court on June 15, 2011,

3    Case No. CV 11-0955 DMG (JCG).  The Court notes that the Prior Petition was

4    directed to the same conviction.  On July 31, 2013, Judgment was entered in Case

5    No. CV 11-0955 DMG (JCG) denying the Prior Petition on the merits and

6    dismissing the action with prejudice.

7        The Petition now pending is governed by the provisions of the

8    Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat.

9    1214) ("the Act") which became effective April 24, 1996.  Section 106 of the Act

10   amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

11       (1) A claim presented in a second or successive habeas corpus

12       application under section 2254 that was presented in a prior

13       application shall be dismissed.

14       (2) A claim presented in a second or successive habeas corpus

15       application under section 2254 that was not presented in a prior

16       application shall be dismissed unless --

17                (A) the applicant shows that the claim relies on a new

18                rule of constitutional law, made retroactive to cases on

19                collateral review by the Supreme Court, that was

20                previously unavailable; or

21                (B)(i) the factual predicate for the claim could not have

22                been discovered previously through the exercise of due

23                diligence; and

24                    (ii) the facts underlying the claim, if proven and

25                viewed in light of the evidence as a whole, would be

26                sufficient to establish by clear and convincing evidence

27                that, but for constitutional error, no reasonable factfinder

28                would have found the applicant guilty of the underlying

offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Therefore, because the Petition now pending challenges a portion of the sentence arising from the same conviction challenged in Petitioner's Prior Petition, it constitutes a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b). To the extent Petitioner seeks to pursue the same claims he previously asserted, the Petition is barred by the provisions of 28 U.S.C. § 2244(b)(1). To the extent Petitioner seeks to pursue claims not previously asserted, as it appears here, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject matter jurisdiction.

**"REFERRAL" OF HABEAS CORPUS PETITION TO NINTH CIRCUIT**

Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."

Therefore, to the extent the Petition was "mistakenly submitted" to this Court, the Petition must be referred to the court of appeals. However, it is unclear whether the district court may both "refer" the Petition to the Ninth Circuit and, at the same time, dismiss the Petition. After reviewing numerous district court cases

///

///

in this circuit, this Court concludes that simultaneous referral and dismissal is appropriate. *See Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014).

## **DENIAL OF CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing § 2254 Actions provides:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Here, given the Court's ruling on settled legal issues, the Court does not require any arguments from the parties on whether a certificate of appealability ("COA") should issue.

Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, the Court dismisses the petition on the ground that it is a second or successive petition. Thus, the Court's determination of whether a COA should issue is governed by the Supreme Court's decision in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), where the Supreme Court held that, "[w]hen the district court denies a habeas petition on procedural grounds without

4

1 reaching the prisoner's underlying constitutional claim, a COA should issue when

2 the prisoner shows, at least, that jurists of reason would find it debatable whether

3 the petition states a valid claim of the denial of a constitutional right and that

4 jurists of reason would find it debatable whether the district court was correct in

5 its procedural ruling." 529 U.S. at 484.  As the Supreme Court further explained:

6       Section 2253 mandates that both showings be made before the court

7       of appeals may entertain the appeal.  Each component of the §

8       2253(c) showing is part of a threshold inquiry, and a court may find

9       that it can dispose of the application in a fair and prompt manner if it

10       proceeds first to resolve the issue whose answer is more apparent

11       from the record and arguments.

12 529 U.S. at 485.

13       Here, the Court finds that its ruling is not one in which "jurists of reason

14 would find it debatable whether the district court was correct in its procedural

15 ruling" that the Court has no jurisdiction over the Petition.

16

17 **<u>ORDER</u>**

18       Pursuant to Ninth Circuit Rule 22-3(a), the Court refers the habeas Petition

19 to the United States Court of Appeals for the Ninth Circuit for consideration as an

20 application for leave to file a second-or-successive habeas petition.  The Clerk of

21 Court shall send a copy of the habeas Petition and a copy of this Order to the

22 Clerk of the United States Court of Appeals for the Ninth Circuit.

23       The Clerk of Court shall provide petitioner with a form recommended by

24 the Ninth Circuit for filing an Application for Leave to File Second or Successive

25 Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

26 / / /

27 / / /

28 / / /

1  This action is dismissed without prejudice for lack of subject-matter

2  jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

3  United States District Courts.

4  LET JUDGMENT BE ENTERED ACCORDINGLY.

5  A certificate of appealability is denied.

6

7  DATED:  May 31, 2018

8  DOLLY M. GEE

9  United States District Judge

10

11  Presented by:

12  /S/ FREDERICK F. MUMM

13  FREDERICK F. MUMM

14  United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28